UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE PARKER,<br><br>  Plaintiff,<br><br>v.<br><br>UNKNOWN LEBRON,<br><br>  Defendant. | Case No. 21-12328<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY AS MOOT PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 14]**

Plaintiff Bruce Parker, a prisoner proceeding *pro se* and *in forma pauperis*, sues unknown Defendant Lebron, a corrections officer at Macomb Correctional Facility (MRF), alleging retaliation and excessive force under 42 U.S.C. § 1983. ECF No. 1. The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13.

Parker moves for temporary restraining order to enjoin "Lebron and all the other employees mentioned herein from having contact with plaintiff until this court can decide a proper and comprehensive means of protecting plaintiff from being physically assaulted again or threatened and

intimidated." ECF No. 14, PageID.68.  Lebron is an officer at MRF, and Parker's alleged assault occurred at that facility.  ECF No. 1, PageID.3-5.

After Parker moved for equitable relief, he advised the Court of a change of address: he was transferred to Oaks Correctional Facility (ECF) and then to E.C. Brooks Correctional Facility (LRF), where he currently resides and expects to remain.  ECF No. 15; ECF No. 16.  Because Parker is no longer housed at MRF, his motion is moot.  *See Sossamon v. Texas*, 131 S. Ct. 1651, 1669-70 (2011) (citations omitted) ("A number of ... suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison of which he complained).

Thus, the Court **RECOMMENDS** that Parker's emergency motion for temporary restraining order, **ECF No. 14**, be **DENIED AS MOOT.**

          s/Elizabeth A. Stafford
          ELIZABETH A. STAFFORD
          United States Magistrate Judge

Dated: March 17, 2022

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 17, 2022.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager