UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER LEBRON,<br><br>    Defendant. | Case No. 21-12328<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [17] AND DENYING AS MOOT PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER [14]**

Bruce Parker filed this case pro se against Lebron, an officer at the Macomb Correctional Facility where Parker was incarcerated, stating that Lebron pushed him into the weight pit as his back was turned, causing Parker back injuries. Parker says that this push was in retaliation for Parker filing grievances against facility officers and making a verbal complaint about them to an investigator from the Michigan Office of Legislative Corrections Ombudsman. So Parker sued Lebron under 42 U.S.C. § 1983 for violating the First and Fourth Amendments.

Parker has filed two motions for a temporary restraining order in this case. (ECF Nos. 6, 14.) The first asked the Court to enjoin Lebron from having contact with Parker (ECF No. 6, PageID.37), while the second asked to enjoin Lebron and the other officers at the facility from having contact with Parker (ECF No. 14, PageID.60). Parker's first motion was denied without prejudice as the case was referred to the Pro Se Prisoner Early Mediation Program. (ECF No. 7.) As for the second motion,

Magistrate Judge Stafford issued a Report and Recommendation that the motion be denied as moot because Parker has changed facilities since filing the motion. (ECF No. 17, PageID.77.) That Report and Recommendation is before the Court.

At the conclusion of the March 17, 2022 Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[i]f a party fails to timely file specific objections, any further appeal is waived." (ECF No. 17, PageID.78.) Under Federal Rule of Civil Procedure 6(d), since Parker was served via mail, three days are added to the objection period. And the prison mailbox rule also applies, so Parker's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Parker may have mailed, it has now been 28 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural

default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 17.) It follows that Parker's Emergency Motion for Temporary Restraining Order (ECF No. 14) is DENIED.

SO ORDERED.

Dated: April 15, 2022

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE

3