UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

v.

UNKNOWN LEBRON,

    Defendant.

Case No. 21-12328
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**ORDER ADOPTING REPORT AND RECOMMENDATION [33] AND DENYING PARKER'S MOTION FOR DEFAULT JUDGMENT [28]**

In September 2021, Bruce Parker filed this case pro se against Jorge Lebron, an officer at the Macomb Correctional Facility where Parker was incarcerated, stating that Lebron pushed him into the weight pit as his back was turned, which caused injuries to Parker's back. Parker says that this push was in retaliation for Parker filing grievances against facility officers and making a verbal complaint about them to an investigator from the Michigan Office of Legislative Corrections Ombudsman. So Parker sued Lebron under 42 U.S.C. § 1983 for violating the First and Fourth Amendments.

Magistrate Judge Elizabeth A. Stafford, to whom all pretrial matters had been referred, recently ordered Lebron to respond to the complaint (ECF No. 32), which he did (ECF No. 34). Prior to that order, however, Parker requested a clerk's entry of default against Lebron. (ECF No. 26.) That request was denied. (ECF No. 27.) Despite the denial, Parker then moved for a default judgment against Lebron.

(ECF No. 28.) Magistrate Judge Stafford recommended that the motion be denied pursuant to 42 U.S.C. 1997e(g). (ECF No. 33.) This recommendation is now before the Court.

At the conclusion of the November 29, 2022 Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[i]f a party fails to timely file specific objections, any further appeal is waived." (ECF No. 33, PageID.112.) Under Federal Rule of Civil Procedure 6(d), since Parker was served via mail, three days are added to the objection period. And the prison-mailbox rule also applies, so Parker's objections would be considered filed when he delivered them to prison authorities for mailing. Waiting the 17-day objection period and allowing some time for the Court to receive objections that Parker may have mailed, it has now been 35 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural

default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 33.) It follows that Parker's motion for default judgment (ECF No. 28) is denied.

SO ORDERED.

Dated: January 3, 2023

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE