UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE PARKER, A/K/A BRUCE-X, | Case No. 21-12328 |
|     Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| UNKNOWN LEBRON, | Curtis Ivy, Jr. |
|     Defendant. | United States Magistrate Judge |
| _____/ | |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 42).

Plaintiff Bruce Parker, proceeding without the assistance of counsel, filed this case on September 21, 2021. (ECF No. 1). This case has been referred to the undersigned for all pretrial matters. (ECF No. 58). This matter is presently before the Court regarding Plaintiff's motion for summary judgment. (ECF No. 42).

### I.  FACTUAL BACKGROUND

Plaintiff filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendant Unknown Lebron violated Plaintiff's rights under the United States Constitution. (ECF No. 1). Plaintiff raises allegations that Defendant violated his First Amendment rights by retaliating against him for filing grievances and a verbal complaint with the Michigan Legislative Corrections Ombudsman. (*Id.* at PageID.1). Plaintiff also alleges excessive use of force by Defendant. (*Id.*).

1

On or around July 14, 2021, Plaintiff met with an investigator from the Michigan Legislative Corrections Ombudsman at Macomb Correctional Facility ("MRF"), where Plaintiff was incarcerated. (*Id.* at PageID.4). Plaintiff alleges that he told the Ombudsman Analysist that officers at MRF were retaliating against him because of his pending lawsuits and grievances and officers "had threatened to physically harm plaintiff or have other prisoners harm plaintiff to silence him and stop his complaints." (*Id.*). The Ombudsman Analysist conveyed she would investigate his claims and hold any wrongdoers accountable. (*Id.*).

Plaintiff alleges that on July 16, 2021, between 1:30 pm and 1:40 pm Defendant threatened Plaintiff and stated "I should beat your rat ass for complaining to the Ombudsman about us officers here[.]" (*Id.*). Plaintiff alleges he responded "I have a right to file verbal complaints" and that Defendant "became enraged" and "physically assaulted plaintiff by pushing plaintiff into the weight pit" and then shut the gate. (*Id.* at PageID.4-5). Plaintiff alleges he now suffers back pain as a result of the assault. (*Id.*).

Plaintiff alleges that on September 17, 2021, an investigator for the facility who was investigating the alleged assault summoned Plaintiff to the prison's control center. (*Id.*). Plaintiff indicates "he was informed that defendant Lebron admitted to assaulting plaintiff and when asked why he did it responded '[h]e

2

didn't know but that he know he was wrong.'" (*Id.*). Plaintiff alleges the "preserved video . . . depicts the entire ordeal[.]" (*Id.*).

## II. ANALYSIS AND RECOMMENDATIONS

### a. Standard of Review

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, the Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court

3

may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

    That Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, .

4

. . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

    b. Discussion

        i. <u>First Amendment Retaliation</u>

To succeed on a First Amendment retaliation claim, a plaintiff must show that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

"Under the third element, 'the subjective motivation of the defendants is at issue.'" *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018) (quoting *Thaddeus-X*,

5

175 F.3d at 399). "The analysis of motive in retaliation claims is well-developed—once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant." *Maben*, 887 F.3d at 262 (cleaned up) (quoting *Thaddeus–X*, 175 F.3d at 394).

In any event, a plaintiff must offer facts which support a reasonable inference that a defendant acted "in response" to protected speech. *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019). A "defendant must have known about the protected activity in order for it to have motivated the adverse action." *Hamilton v. Starcom Mediavest, Inc.*, 522 F.3d 623, 628 (6th Cir. 2008) (quoting *Thaddeus-X*, 175 F.3d at 387 n.3).

Plaintiff alleges his oral complaint to the Ombudsman Analysist was protected conduct. (ECF No. 42, PageID.156). As to the adverse action, Plaintiff points to the alleged assault. (*Id.*). For the causal connection, Plaintiff points to the close proximity of the adverse action and his complaint to the Ombudsman Analyst. (*Id.* at PageID.157). Plaintiff relies on *DiCarlo v. Potter* for the proposition that the temporal proximity between protected activity and adverse action is indirect evidence "which permit an inference of retaliation to arise." 358 F.3d 408, 421 (6th Cir. 2004); *Patterson v. Godward*, 370 F. App'x 608, 610 (6th Cir. 2010) (applying *DiCarlo* in §1938 First Amendment retaliation context to

6

conclude dismissal for failure to state a claim was improper where plaintiff alleged temporal proximity and retaliatory statements).

Defendant contests causation. Defendant presents his affidavit stating he was not aware that Plaintiff had met with the Ombudsman Analyst and denying that he made any threats to Plaintiff. (ECF No. 59-1, PageID.222). Defendant also denies he "called Plaintiff a rat and denies that he threatened to beat his ass for complaining to the Ombudsman." (ECF No. 59, PageID.215) (citing ECF No. 59-1, PageID.222)).

In his reply, Plaintiff argues Defendant's argument is "not developed but presented in a most skeletal fashion leaving the courts to put the flesh on that bones[.]" (ECF No. 60, PageID.237). Plaintiff asserts that Defendant was investigated by the Michigan Department of Corrections ("MDOC") and Defendant was found guilty of inhumane treatment of prisoners. (*Id.*) (citing ECF No. 34, PageID.120). Plaintiff argues causation is not in dispute.

The undersigned suggests summary judgment is not appropriate because the causal connection between the protected conduct and the adverse action is a material fact that is in genuine dispute. Defendant argues he did not know of Plaintiff's protected conduct, which would affect the outcome under the governing law because a Defendant must know of protected conduct for a retaliatory act to be

7

motivated by the protected conduct. Thus, summary judgment is not appropriate on the facts before the Court.

> ii. Excessive Force

Excessive force claims may be brought under the Fourth Amendment, Eighth Amendment, or Fourteenth Amendment. *Phelps v. Coy.*, 286 F.3d 295, 299 (6th Cir. 2020). "Which amendment applies depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted, prisoner, or something in between." *See id.* (quoting *Gravely v. Madden*, 142 F.3d 345, 348-49 (6th Cir. 1998)). If the force occurs when the plaintiff is a convicted prisoner, the Eighth Amendment sets the standard for the claim. *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 395, n.10 (1989). The parties do not contest Plaintiff is a convicted prisoner, so the Eighth Amendment governs here.

The "settled rule" in cases in which correctional officials allegedly used excessive force on inmates is "that 'the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Nevertheless, not every malevolent touch by a prison guard gives rise to a federal cause of action." *Busby v. Carpenter*, No. 2:22-CV-10634, 2022 WL 4866500, at *1 (E.D. Mich. Oct. 3, 2022) (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later

8

seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")).

"To make out a claim under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component." *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1094 (6th Cir. 2019) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). The objective component requires the pain inflicted to be "sufficiently serious" and the subjective component requires that the prison official act with a "sufficiently culpable state of mind." *Id.* (further citation omitted). When the prisoner alleges excessive force "the subjective component requires a heightened showing that the prison official acted 'maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Rafferty*, 915 F.3d at 1094).

Plaintiff argues his left side and back were injured as a result of the "sadistic and malicious behavior." (ECF No. 42, PageID.158). In his complaint, Plaintiff argues that Defendants "physically assaulted plaintiff by pushing plaintiff into the weight pit" and then shut the gate to it. (ECF No. 1, PageID.4-5).

Defendant "maintains that he did not maliciously or sadistically use force against Plaintiff[.]" (ECF No. 59, PageID.216). Defendant argues that a push or shove that causes no discernible injury almost certainly fails to state a valid

9

excessive force claim.  (*Id.* at PageID.218) (citing *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010)).

The undersigned suggests Plaintiff has failed to make a showing sufficient to establish the existence of an element essential to the party's case, here the existence of both the subjective and objective prongs.  Plaintiff has only a bare assertion about Defendant's subjective motivations and provides very little regarding whether the pain inflicted is sufficiently serious.  And Defendant contests both prongs via his affidavit.  As a result, there are material facts in dispute and the undersigned suggests summary judgment is not appropriate on the record before the Court.

Under Local Rule 7.1(c)(3), Plaintiff must seek leave of the Court to file a second motion for summary judgment on these claims.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion for summary judgment (ECF No. 42) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 10, 2023               s/Curtis Ivy, Jr.
                                   Curtis Ivy, Jr.
                                   United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on April 10, 2023.

                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850