UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

v.

UNKNOWN LEBRON,

    Defendant.
_____/

Case No. 21-12328

F. Kay Behm
United States District Judge

Curtis Ivy
United States Magistrate Judge

**OPINION AND ORDER ACCEPTING AND ADOPTING**
**REPORT AND RECOMMENDATION (ECF No. 62)**

**I.    PROCEDURAL HISTORY**

Plaintiff, Bruce Parker, filed this prisoner civil rights case on September 21, 2021. (ECF No. 1). This matter was referred to Magistrate Judge Curtis Ivy for all pretrial proceedings. (ECF No. 58). Parker filed a motion for summary judgment on his claims for First Amendment retaliation and excessive force against defendant LeBron. (ECF No. 42). Magistrate Judge Ivy issued a report and recommendation on April 10, 2023, recommending that the court deny Parker's motion. (ECF No. 62). Parker filed objections and LeBron filed a response. (ECF Nos. 63, 64).

1

For the reasons set forth below, the court **OVERRULES** the objections, **ACCEPTS** and **ADOPTS** the report and recommendation, and **DENIES** Parker's motion for summary judgment.

## II.   FACTUAL BACKGROUND

The magistrate judge recounts the factual background as follows:

> Plaintiff raises allegations that Defendant violated his First Amendment rights by retaliating against him for filing grievances and a verbal complaint with the Michigan Legislative Corrections Ombudsman. (*Id*. at PageID.1). Plaintiff also alleges excessive use of force by Defendant. (*Id*.).
>
> On or around July 14, 2021, Plaintiff met with an investigator from the Michigan Legislative Corrections Ombudsman at Macomb Correctional Facility ("MRF"), where Plaintiff was incarcerated. (*Id*. at PageID.4). Plaintiff alleges that he told the Ombudsman Analyst that officers at MRF were retaliating against him because of his pending lawsuits and grievances and officers "had threatened to physically harm plaintiff or have other prisoners harm plaintiff to silence him and stop his complaints." (*Id*.). The Ombudsman Analyst conveyed she would investigate his claims and hold any wrongdoers accountable. (*Id*.).
>
> Plaintiff alleges that on July 16, 2021, between 1:30 pm and 1:40 pm Defendant threatened Plaintiff and stated "I should beat your rat ass for complaining to the Ombudsman about us officers here[.]" (*Id*.). Plaintiff alleges he responded "I have a right to file verbal complaints" and that Defendant "became enraged" and "physically assaulted plaintiff by pushing plaintiff into the weight pit" and then shut the gate. (Id. at PageID.4-

2

> 5). Plaintiff alleges he now suffers back pain as a result of the assault. (*Id*.).
>
> Plaintiff alleges that on September 17, 2021, an investigator for the facility who was investigating the alleged assault summoned Plaintiff to the prison's control center. (*Id*.). Plaintiff indicates "he was informed that defendant Lebron admitted to assaulting plaintiff and when asked why he did it responded '[h]e didn't know but that he know he was wrong.'" (*Id*.). Plaintiff alleges the "preserved video . . . depicts the entire ordeal[.]" (*Id*.).

(ECF No. 62, PageID.246-248).

## III.  LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

3

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

**IV.   ANALYSIS**

    A.   <u>First Amendment Retaliation</u>

Parker objects to the Magistrate Judge's conclusion that there is a genuine issue of material fact regarding the third element of the retaliation claim. The R&R concluded that summary judgment was not appropriate because the causal

4

connection between the protected conduct and the adverse action is a material fact in genuine dispute. More specifically, the R&R points out that LeBron presented evidence that he was not aware of Parker's protected conduct and a defendant must be aware of the protected conduct in order for a retaliatory act to be motivated by such conduct. (ECF No. 62, PageID.61-62); *see also Hamilton v. Starcom Mediavest, Inc.*, 522 F.3d 623, 628 (6th Cir. 2008) (A "defendant must have known about the protected activity in order for it to have motivated the adverse action.").

Parker's objection states that LeBron was found guilty of unauthorized physical conduct and LeBron cannot point to any legitimate penological objective for his behavior. Parker's objection misses the mark. The Magistrate Judge correctly concluded that there was a genuine issue of material fact regarding the *reason* for LeBron's behavior. Thus, even if Parker is correct that the conduct was unauthorized and lacked a legitimate penological purpose, there is still a question of fact regarding whether LeBron's actions were based on a retaliatory motive. Accordingly, the objection is overruled.

B.   Excessive Force

Parker next objects to the Magistrate Judge's conclusion that he failed to make a sufficient showing to establish that the pain inflicted was sufficiently

serious. Parker points to Supreme Court case law holding that the core judicial inquiry is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." (ECF No. 63, PageID.260, quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Magistrate Judge correctly pointed out that whether the force used here was malicious or sadistic was a point of contention between the parties and thus, summary judgment was inappropriate. (ECF No. 62, PageID.254-255). "The parties' competing stories present a classic case of a material factual dispute, precluding summary judgment." *ICS N. Am. Corp. v. Collage.com, Inc.*, No. 19-11521, 2020 WL 5801191, at *8 (E.D. Mich. Sept. 29, 2020). Indeed, this court may not accept one party's version of events over the other's as that would require a credibility determination, which is not permissible in the context of summary judgment. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence.); *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (The court

may not make credibility judgments or weigh the evidence.).  Accordingly, Parker's objection is overruled.

## IV. CONCLUSION

For the reasons set forth above, the court **OVERRULES** the objections, **ACCEPTS** and **ADOPTS** the report and recommendation, and **DENIES** Parker's motion for summary judgment.

**SO ORDERED**.

Date: July 21, 2023                     s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge